IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01559-MSK-MEH

THE UNITED STATES OF AMERICA,

    Plaintiff,
v.

2004 NISSAN MAXIMA VIN# 1N4BA41E54C909062,
2000 VOLKSWAGEN JETTA VIN# 3VWTE29MXYM016728,

    Defendants.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

---

Before the Court is Plaintiff's Motion for Default Judgment [Docket #16]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Plaintiff's Motion.

**I.  Facts**

The following facts are taken from Plaintiff's Verified Complaint. Plaintiff, the United States of America, instituted this action for forfeiture *in rem* alleging that the two vehicles at issue in this case were either used in conjunction with or were purchased with the proceeds of a number of bank robberies committed by Darius Limon. Defendant Maxima matched the description of the car used in the robberies, and when searched, contained the clothing worn in the robbery as well as the backpack containing the money from the last robbery. Darius Limon admitted to law enforcement that he was the "Bandana Bandit" and that Defendant Maxima was his car. Both Defendant cars were purchased shortly after robberies committed by the Bandana Bandit, and both were purchased by

Darius Limon.

Defendant Jetta is titled in the names of Darius Limon and Elizabeth Martinez, and Defendant Maxima is titled in the name of Elizabeth Martinez. Defendant Maxima is subject to a bank lien, which Plaintiff asserts that it will satisfy with the proceeds of any sale of this vehicle. Ms. Martinez is Mr. Limon's girlfriend, and since the seizure of the cars, has not asserted an interest in either vehicle. No party has claimed an interest in Defendant cars, and the Clerk's Entry of Default was entered on December 27, 2006. Plaintiff now seeks default judgment and a final order of forfeiture.

## II.   Discussion

Plaintiff commenced this action *in rem* pursuant to 18 U.S.C. § 981 and seized the property based on the Order for Warrant issued by this Court on August 11, 2006. Plaintiff also provided all known interested parties, including Ms. Martinez, with the opportunity to respond to the forfeiture. Plaintiff also completed the required publication for anyone wishing to contest the forfeiture, as required by 18 U.S.C. § 983(a)(4) and supplement C(6). Yet, no Verified Statements of Interest/Claims and Answers have been filed with the Court.

Based on these facts, the Clerk of the Court entered default on December 27, 2006. For the Court to now enter default judgment, the Court must conclude, based on a preponderance of the evidence, that reasonable cause existed for the seizure. *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (holding that absent a defense, "a showing of probable cause alone will support a judgment of forfeiture").

In this case, Mr. Limon purchased both vehicles shortly after the commission of robberies in which he was involved. Mr. Limon purchased Defendant Jetta with a personal check shortly after

2

one of the "Bandana Bandit" robberies, and Defendant Maxima has been identified by surveillance cameras and by Mr. Limon's own statements as the vehicle used in the latest robberies. Under these facts, the Court concludes that a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 is appropriate.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment and Final Order of Forfeiture [Filed December 27, 2006; Docket #16] be **granted** as follows:

> that default judgment and forfeiture of defendant property 2004 NISSAN MAXIMA VIN# 1N4BA41E54C909062, and 2000 VOLKSWAGEN JETTA VIN# 3VWTE29MXYM016728, including all right, title, and interest, shall enter in favor of the United States;
>
> that the United States shall have full and legal title to the defendant property and may dispose of said property in accordance with the law; and
>
> that Default Judgment and a Final Order of Forfeiture be entered, which shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

Dated at Denver, Colorado this 13th day of February, 2007.

              BY THE COURT:

              s/ Michael E. Hegarty
              Michael E. Hegarty
              United States Magistrate Judge

---

1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).